IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>RESPONDENT, | §<br>§<br>§ | |
| VERSUS | § | DOCKET No.: 1:01CR00073-001 |
| | | CIVIL CASE No. B-02-044 |
| | § | |
| VICENTE PEREZ-PEREZ,<br>PETITIONER. | §<br>§ | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO TITLE 28 U.S.C. § 2255

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, VICENTE PEREZ-PEREZ, ("PETITIONER"), THROUGH PRO-SE REPRESENTATION AND MOVES THIS COURT TO FILE MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO TITLE 28 U.S.C. § 2255, IN THE CASE NUMBER 1:01CR00073-001. PETITIONER BASES HIS RIGHT FOR RELIEF OF THE SENTENCE IMPOSED ON THE ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION.

IN ADDITION TO THE MEMORANDUM OF LAW IN SUPPORT, PETITIONER IS NOT LEARNED IN THE LAW, AND THEREFORE, MOVES THIS HONORABLE COURT TO CONSTRUE THIS MOTION LIBERALLY. HAINES VS. KERNER, 404, U.S. 519, 92 S. Ct. 594 (1972).

# I. OVERVIEW

## SUMMARY OF ARGUMENT

PURSUANT TO 28 U.S.C. § 2254 (2) (A) (I), THE SUPREME COURT, A JUSTICE THEREOF, A CIRCUIT JUDGE, OR DISTRICT COURT SHALL ENTERTAIN AN APPLICATION FOR A WRIT OF HABEAS CORPUS IN BEHALF OF A PERSON IN CUSTODY PURSUANT TO THE JUDGMENT OF A STATE COURT ONLY ON THE GROUND THAT HE IS IN CUSTODY IN VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES, OF THE UNITED STATES. IF THE APPLICANT HAS FAILED TO DEVELOP THE FACTUAL BASIS OF A CLAIM IN STATE COURT PROCEEDINGS, THE COURT SHALL NOT HOLD AN EVIDENTIARY HEARING ON THE CLAIM UNLESS THE APPLICANT SHOWS:

A) THE CLAIM RELIES ON –
I) A NEW RULE OF CONSTITUTIONAL LAW, MADE RETROACTIVE TO CASES ON COLLATERAL REVIEW BY THE SUPREME COURT, THAT WAS PREVIOUSLY UNAVAILABLE;

## II. STATEMENT OF THE CASE

### A. PROCEEDINGS BELOW

ON FEBRUARY 14, 2001, A FEDERAL GRAND JURY IN BROWNSVILLE, TEXAS RETURNED A SINGLE-COUNT INDICTMENT AGAINST VICENTE PEREZ-PEREZ WHICH CHARGES AS FOLLOWS:

COUNT 1:   ALIEN UNLAWFULLY FOUND IN THE UNITED STATES AFTER DEPORTATION, HAVING BEEN PREVIOUSLY CONVICTED OF AN AGGRAVATED FELONY, IN VIOLATION OF U.S.C. §§ 1326 (a) AND 1326 (b).

ON MARCH 23, 2001, PETITIONER ACCOMPANIED WITH COUNSEL APPEARED BEFORE THE HONORABLE FELIX RECIO, U.S. MAGISTRATE JUDGE, AND ENTERED A PLEA OF GUILTY.

ON JUNE 18, 2001, PETITIONER ACCOMPANIED BY COUNSEL, APPEARED BEFORE THE HONORABLE HILDA G. TAGLE, U.S. DISTRICT JUDGE, FOR SENTENCING. PETITIONER WAS SENTENCED TO 57 MONTHS FOLLOWED BY THREE YEARS OF SUPERVISED RELEASE.

PETITIONER HAS NOT FILED A PREVIOUS § 2255 PETITION AND THIS PETITION IS FILED WITHIN ONE YEAR AFTER HIS CONVICTION BECAME FINAL.

## III. FACTS OF THE CASE

### B. THE OFFENSE CONDUCT

ON JANUARY 17, 2001, PETITIONER ENTERED THE UNITED STATES BY WADING ACROSS THE RIO GRANDE RIVER NEAR THE PORT OF ENTRY IN BROWNSVILLE, TEXAS. THE PETITIONER AND SIX (6) OTHER DOCUMENTED-UNDOCUMENTED ALIENS WERE TRAVELING IN A VEHICLE WHICH WAS STOPPED BY THE U.S. BORDER PATROL FOUR (4) MILES SOUTH OF THE U.S. BORDER PATROL CHECK POINT NEAR SARITA, TEXAS. PETITIONER AND THE OTHER UNDOCUMENTED ALIENS BAILED OUT OF THE VEHICLE, BUT WERE EVENTUALLY TAKEN INTO CUSTODY.

## IV. LAW AND ARGUMENT

### TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT THAT PETITIONER'S 57 MONTH SENTENCE VIOLATED DUE PROCESS BECAUSE IT EXCEEDED THE STATUTORY MAXIMUM SENTENCE FOR THE OFFENSE CHARGED IN THE INDICTMENT

PETITIONER'S TRIAL COUNSEL RENDERED INEFFECTIVE CONSTITUTIONAL ASSISTANCE OF COUNSEL AS AFFORDED BY THE UNITED STATES CONSTITUTION. FURTHER PREJUDICED OCCURRED WHEN TRIAL COUNSEL FAILED TO FILE A NOTICE OF APPEAL CHALLENGING THE SENTENCE AND CONVICTION IN THE FIFTH CIRCUIT COURT OF APPEALS. IN <u>GLOVER VS. UNITED STATES</u>, 121 S. Ct. 696, 148 L. Ed. 2d. 604 (2001) HELD THAT IN THE CONTEXT OF FEDERAL GUIDELINE SENTENCE, EVEN A RELATIVELY SMALL AMOUNT OF ADDITIONAL TIME IN PRISON CAN CONSTITUTE "PREJUDICE". FURTHER PREJUDICE OCCURRED WHEN TRIAL COUNSEL FAILED TO ADDRESS THE COURT THAT 1326 (b) MUST BE CONSTRUED AS SETTING OUT SEPARATE OFFENSE FROM § 1326 (a), AND THAT, TO CHARGE THE § 1326 (b) (2) OFFENSE, THE GOVERNMENT MUST ALLEGE THE PRIOR CONVICTION IN THE INDICTMENT.

PETITIONER CHALLENGES THE LEGALITY OF HIS CRIMINAL SENTENCE. TRIAL COUNSEL FAILED TO CONTEND THAT PETITIONER'S SENTENCE EXCEEDED THE APPLICABLE STATUTORY MAXIMUM, EITHER BECAUSE DUE PROCESS REQUIRED THE AGGRAVATED FELONY TO BE ALLEGED IN THE

INDICTMENT, OR BECAUSE 1326 IN AN UNCONSTITUTIONAL SENTENCE ENHANCEMENT.

## CLOSING AND PRAYER

FOR THESE REASONS SET FORTH, SUPPORTING THE FACT THAT PETITIONER WAS WRONGFULLY SENTENCED, PETITIONER PRAYS AND URGES THE DISTRICT COURT TO RE-SENTENCE PETITIONER TO A TERM NOT TO EXCEED 24 MONTHS.

RESPECTFULLY SUBMITTED,

DATED ON: 2/26/02

_Vicente Perez_
VICENTE PEREZ-PEREZ

## CERTIFICATE OF SERVICE

I, VICENTE PEREZ-PEREZ, CERTIFY THAT ON FEBRUARY 26, 2002, MAILED A MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO TITLE 28 U.S.C. § 2255 TO: JUAN BARBOSA, DEPUTY-IN-CHARGE, 600 E. HARRISON #306, BROWNSVILLE, TEXAS 78520-7114.

CC:   ASSISTANT U.S. ATTORNEY
       LYNN M. KIRKPATRICK
       600 E. HARRISON ST., #201
       BROWNSVILLE, TEXAS 78520-7155